FILED

**NOT FOR PUBLICATION**

JUN 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER SERRANO-CEBALLOS; MARIA CARRILLO-ROJAS, AKA Maria Veronica Carillo, AKA Maria Salud Carrillo-Rojas, AKA Maria Salud Serrano,<br><br>Petitioners,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 11-70115<br><br>Agency Nos.    A099-469-816<br>                  A099-469-817<br><br><br>MEMORANDUM* |
| JAVIER SERRANO-CEBALLOS; MARIA CARRILLO-ROJAS, AKA Maria Veronica Carillo, AKA Maria Salud Carrillo-Rojas, AKA Maria Salud Serrano,<br><br>Petitioners,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 11-72695<br><br>Agency Nos.    A099-469-816<br>                  A099-469-817 |

---

      \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 17, 2016[**]
San Francisco, California

Before: CLIFTON and IKUTA, Circuit Judges and HAYES,[***] District Judge.

Javier Serrano-Ceballos and Maria Carrillo-Rojas, a husband and wife, petition for review of the Board of Immigration Appeals' order dismissing their appeal of an Immigration Judge's determination that Carrillo-Rojas is not eligible for cancellation of removal because she was twice arrested and convicted for petty theft. We review the BIA's legal conclusions de novo and its non-discretionary factual determinations for substantial evidence. *See Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 850 (9th Cir. 2004). We deny the petition for review of the eligibility determination.

Under 8 U.S.C. § 1229b(b)(1)(C), a non-permanent resident is not eligible for cancellation of removal if she has been convicted of two or more crimes of moral turpitude not arising out of a single scheme of criminal misconduct. When accompanied by the intent to permanently deprive someone of his or her property,

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William Q. Hayes, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

2

theft offenses, including petty theft, are crimes of moral turpitude. *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1160 (9th Cir. 2009).

The BIA relied on an FBI rap sheet showing that Carrillo-Rojas had twice been arrested and convicted for petty theft of retail merchandise to affirm the IJ's determination that she was not eligible for cancellation of removal as a result of having two convictions for crimes of moral turpitude. While Carrillo-Rojas argues that she was arrested and convicted for petty theft of retail merchandise only once, the FBI rap sheet was substantial evidence for the BIA's conclusion that she had not met her burden under 8 U.S.C. § 1229a(c)(4)(A)(i) to prove her eligibility for relief by a preponderance of the evidence.

Serrano-Ceballos and Carrillo-Rojas also petition for review of the BIA's denial of their motion to reopen to consider newly discovered evidence that their U.S. citizen children would suffer exceptional or extremely unusual hardship as a result of their parents' removal. The BIA based its denial of the motion on its conclusion that Petitioners had failed to establish prima facie eligibility for the relief sought. Because this was a discretionary determination, we lack jurisdiction over it. *See Fernandez v. Gonzales*, 439 F.3d 592, 601 (9th Cir. 2006) (citing 8 U.S.C. § 1252(a)(2)(B)(I)). We therefore dismiss this petition for review of the motion to reopen.

**DENIED AND DISMISSED**

3